IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CR. No. C-08-712 |
| v. | § | (C.A. No. C-10-402) |
| | § | |
| ARMANDO GUZMAN-GARDUNO, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DISMISSING WITH PREJUDICE MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE AND DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Defendant Armando Guzman-Garduno's (Guzman-Garduno) motion to vacate, correct or set aside his sentence pursuant to 28 U.S.C. § 2255, along with his Memorandum of Law. D.E. 22, 23. The United States filed a Motion to Dismiss. D.E. 26. Guzman-Garduno did not file a Reply.

For the reasons set forth herein, Guzman-Garduno's § 2255 motion (Dkt. No. 22) is DISMISSED with prejudice and he is DENIED a Certificate of Appealability.

### I.  JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

### II.  BACKGROUND

Guzman-Garduno was found in Brooks County, Texas, south of Falfurrias, Texas in October 2008. When questioned by Border Patrol Agents, he admitted that he was a citizen of Mexico and had crossed into the United States by wading across the Rio Grande River. (Dkt. No. 1.) He was arrested for Illegal Reentry. (Dkt. No. 1.) Guzman-Garduno was appointed counsel five days after

his arrest and detained pending trial. (Dkt. Nos. 4-6.) He pled guilty at rearraignment six weeks after his arrest. See Minute Entry 11/14/2008.

A Presentence Investigation Report (PSR) was prepared. (Dkt. No. 16.) Guzman-Garduno had previously been deported in December 1998, January 2004, and June 2008. Id. at ¶ 4. The base offense level for Illegal Reentry is 8. Guzman-Garduno's base offense level was enhanced by 16 points based upon his prior Texas conviction for drug trafficking in 2007. Id. at ¶ 12. After deducting 3 points for acceptance of responsibility, his total offense level was 21. Guzman-Garduno's criminal history was a Category V.  The Texas conviction was for possession with intent to deliver less than 4 gram of cocaine. (Dkt. No. 19.) In addition to Guzman-Garduno's Texas drug trafficking conviction, he had previously been convicted of drug trafficking in Nevada in 1998. His Guideline sentencing range was 70-87 months. (Dkt. No. 16. ¶ 43.)

Sentencing was held on February 13, 2009. Final judgment was signed and entered on the docket on February 20, 2009. (Dkt. No. 20.) Guzman-Garduno was sentenced to a low end Guideline sentence of 72 months in the Bureau of Prisons, 3 years supervised release, no fine and a $100 special assessment. Id. Guzman-Garduno did not appeal. He filed this motion pursuant to § 2255 on December 8, 2010. (Dkt. No. 22.)

### III. MOVANT'S ALLEGATIONS

Guzman-Garduno's § 2255 is difficult to read because the print is faint. He claims that his motion is entitled to equitable tolling (Dkt. No. 22 at Ground One) in part because he is illiterate. Id. at ¶ 18. In his Memorandum of Law, he further claims that his unconstitutional sentence provides a basis for equitable tolling. (Dkt. No. 23 at 2.) Additionally, he claims that his sentence is procedurally unreasonable and constitutes cruel and unusual punishment. Id. His procedural unreasonableness complaint is based upon his claim that this Court failed to adequately explain or take into account the

factors in 18 U.S.C. § 3553(a). He further contends that the 16 point enhancement is unnecessarily punitive and double counts his criminal history. Id. at 3-4.

### IV.  ANALYSIS

**A.**     **28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). Furthermore, a defendant may not raise an issue for the first time on collateral review without first showing "cause" for the procedural default, and "actual prejudice" resulting from the error. United States v. Pierce, 959 F.2d 1297, 1301 (5th Cir.1992). The "cause and prejudice standard presents a 'significantly higher hurdle'" than the plain error standard applied on direct appeal. United States v. Frady, 456 U.S. 152, 166 (1982). In addition, "a collateral challenge may not do service for an appeal." Id. at 165.

**B.**     **Statute of Limitations § 2255**

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final.[1] 28 U.S.C. § 2255. The Fifth Circuit and the

---

[1] The statute provides that the limitations period shall run from the latest of:

   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing

Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. <u>Clay v. United States</u>, 537 U.S. 522 (2003); <u>United States v. Gamble</u>, 208 F.3d 536, 536-37 (5th Cir. 2000) (per curiam). Guzman-Garduno did not appeal. His conviction became final on the last day to file a timely notice of appeal. In 2009, a defendant had 10 business days to file a notice of appeal. Fed. R. App. P. 4(b).[2] His notice of appeal was due on March 6, 2009. Guzman-Garduno did not file his § 2255 motion until December 8, 2010, a year and 278 days later. The § 2255 motion was late by 278 days.

Equitable tolling may allow for a late filed motion, but such exceptions to limitations are rare. <u>United States v. Riggs</u>, 314 F.3d 796, 799 (5th Cir. 2002) (although the limitations period for § 2255 motions is not considered a jurisdictional bar, it is subject to equitable tolling "only 'in rare and exceptional cases.'"). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. <u>United States v. Petty</u>, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Guzman-Garduno must show that 1) he has diligently pursued his rights, and 2) some extraordinary circumstance stood in his way. <u>Id</u>.

Guzman-Garduno suggests that his illiteracy provides a basis for equitable tolling. Illiteracy is not considered an exceptional circumstance that justifies equitable tolling. <u>See</u> <u>Felder v. Johnson</u>, 204 F.3d 168, 171 (5th Cir. 2000) (reviewing exceptional circumstances necessary for equitable

---

by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

[2] Rule 4(b) was amended effective December 1, 2009, and now requires that a notice of appeal be filed within 14 calendar days. Fed. R. App. P. 4(b). Previously Rule 26(a) excluded weekends from the time calculation for any period of less than 11 days. <u>See</u> Fed. R. App. P. 4 advisory committee's notes., 2009 Amendments, subdivision (a)(6)(B).

tolling); United States v. Flores, 981 F.2d 231, 236 (5th Circuit 1993) (holding that illiteracy, pro se status, deafness did not constitute a basis for equitable tolling). Similarly, Guzman-Garduno's claim that his sentence is unconstitutional is not a basis for equitable tolling. Virtually all motions brought pursuant to § 2255 claim that a sentence is unconstitutional. See supra. IV.(A) (requiring a constitutional claim be asserted to obtain relief).

Guzman-Garduno has not alleged any extraordinary circumstances that prevented his timely filing of his § 2255 motion. Accordingly, the Court concludes that his failure to file his § 2255 motion within the one-year limitations period requires that the motion be dismissed with prejudice as time-barred. Because the Court determines that Guzman-Garduno's motion is time-barred, it does not reach the merits of his asserted grounds for relief,

## V. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Guzman-Garduno has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA. See Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims denied on

procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court concludes that jurists of reasons would not find this Court's procedural rulings debatable. Accordingly, Guzman-Garduno is not entitled to a COA as to his claims.

## V.  CONCLUSION

For the foregoing reasons, Guzman-Garduno's § 2255 motion (Dkt. No. 22) is **DISMISSED WITH PREJUDICE** and he is **DENIED** a Certificate of Appealability.

It is so **ORDERED.**

**SIGNED** on this 6th day of May, 2011.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE